IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KIMBERLY M. MITCHELL,                     3:10-CV-00141-BR

          Plaintiff,                      OPINION AND ORDER

v.

POSTMASTER GENERAL OF THE UNITED
STATES POSTAL SERVICE,

          Defendant.


**KIMBERLY M. MITCHELL**
1218 W. Historic Columbia River Highway
Troutdale, OR 97060

          Plaintiff, *Pro Se*


**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

          Attorneys for Defendant


**BROWN, Judge.**

     This matter comes before the Court on Defendant Postmaster

1 - OPINION & ORDER

General of the United States Postal Service's Bill of Costs (#128) in which Defendant seeks $5,174.90.  For the reasons that follow, the Court awards costs to Defendant in the amount of **$3,659.50.**


## BACKGROUND

On February 8, 2010, Plaintiff filed a Compliant against Defendant in which she asserted claims arising out of her employment with Defendant.  Specifically, Plaintiff alleged claims for (1) retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2; (2) violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101, *et seq.*; (3) worker's compensation discrimination under Oregon Revised Statute §§ 659A.040, *et seq.*; and (4) violations of the Family Medical Leave Act (FMLA), 29 U.S.C. §§ 2601, *et seq.*

On October 11, 2010, Plaintiff filed an Amended Complaint in which she removed her ADA and worker's compensation discrimination claim and added a claim for violation of the Rehabilitation Act, 29 U.S.C. §§ 701, *et seq*.

On March 27, 2013, the Court granted in part Defendant's Motion (#56) for Summary Judgment in favor of Defendant on Plaintiff's FMLA claim.

On October 15, 2013, the matter proceeded to trial as to Plaintiff's claims for Defendant's alleged violations of the Rehabilitation Act and Title VII.

2 - OPINION & ORDER

On October 18, 2013, the jury returned a Verdict in which it found in favor of Defendant on both of Plaintiff's claims.

On November 1, 2013, the Court entered a Judgment (#127) ordering that:  "The plaintiff Kimberly M. Mitchell recover nothing, the action be dismissed on the merits, and the defendant Postmaster General of the United States Postal Service, recover costs from the plaintiff Kimberly M. Mitchell."

On November 15, 2013, Defendant filed its Bill of Costs (#128) and the supporting Declaration (#129) of Defendant's attorney Adrian L. Brown.

On November 18, 2013, Plaintiff filed a Notice (#130) of Attorney Withdrawal, at which point Plaintiff began representing herself *pro se* in this matter.

On January 21, 2014, Plaintiff filed a Motion (#142) for Disallowance of Bill of Costs.  On February 20, 2014, Plaintiff filed an Amended Motion (#151) for Disallowance of Bill of Costs, which the Court construes as Plaintiff's Objections to Defendant's Bill of Costs.  Defendant did not file a response to Plaintiff's Objections.

**<u>STANDARDS</u>**

Absent a showing of circumstances not relevant here, an award of costs is governed by federal law.  *See Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir.

3 – OPINION & ORDER

2003).  Accordingly, the Court applies federal law to the award
of costs in this case.

28 U.S.C. § 1920 allows a federal court to tax specific
items as costs against a losing party pursuant to Federal Rule of
Civil Procedure 54(d)(1).  Section 1920 provides:

> A judge or clerk of any court of the United
> States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any
> part of the stenographic transcript necessarily
> obtained for use in the case;
> (3) Fees and disbursements for printing and
> witnesses;
> (4)Fees for exemplification and copies of papers
> necessarily obtained for use in the case;
> (5)Docket fees under section 1923 of this title;
> (6)Compensation for court-appointed experts,
> compensation of interpreters, and salaries,
> fees, expenses, and costs of special
> interpretation services under § 1828 of this
> title.
>
> A bill of costs shall be filed in the case and,
> upon allowance, included in the judgment or
> decree.

The court has broad discretion to allow or to disallow a
prevailing party to recoup costs of litigation.  The court,
however, may not tax costs beyond those authorized by § 1920.
*Frederick v. City of Portland*, 162 F.R.D. 139, 142 (D. Or. 1995).


<u>**DISCUSSION**</u>

Defendant seeks costs in the amount of $5,174.90 as follows:

*    $3,489.40 for travel-related witness fees;

4 - OPINION & ORDER

*   $1,313.75 for printed or electronically recorded transcripts necessarily obtained for use in the case; and

*   $371.75 for fees for exemplification and copies.

Plaintiff objects specifically to each of these cost items.

## I.    Travel-Related Witness Fees.

Defendant seeks $3,489.40 as witness fees attributable to the travel expenses of Defendant's witness Mark A. Conway for his appearances at his deposition and as a witness at trial.

28 U.S.C. § 1821 governs the attendance, mileage, and subsistence allowance to be paid to witnesses who must appear in court.  Section 1821 provides in pertinent part:

> (c)(1)  A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available.  A receipt or other evidence of actual cost shall be furnished.
>
> (2)  A travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed, pursuant to section 5704 of title 5, for official travel of employees of the Federal Government shall be paid to each witness who travels by privately owned vehicle.  Computation of mileage under this paragraph shall be made on the basis of a uniformed table of distances adopted by the Administrator of General Services.
>
> (3)  Toll charges for toll roads, bridges, tunnels, and ferries, taxicab fares between places of lodging and carrier terminals, and parking fees (upon presentation of a valid parking receipt), shall be paid in full to a witness incurring such expenses.

* * *

>   (d)(1)  A subsistence allowance shall be paid to a
>   witness when an overnight stay is required at the place
>   of attendance because such place is so far removed from
>   the residence of such witness as to prohibit return
>   thereto from day to day.
>
>   (2)  A subsistence allowance for a witness shall be
>   paid in an amount not to exceed the maximum per diem
>   allowance prescribed by the Administrator of General
>   Services, pursuant to section 5702(a) of title 5, for
>   official travel in the area of attendance by employees
>   of the Federal Government.

Defendant seeks $1,518.00 for the following expenses for Conway's travel from August 22, 2011, through August 25, 2011, between New Orleans, Louisiana, and Portland, Oregon, for his attendance at his deposition:  (1) $852.50 for airfare; (2) $5.50 in agent fees; (3) $90 for taxi/limousine; (4) $339.00 for hotel; and (5) $231.00 total per diem.  At the time these costs were incurred, the per diem rates for Portland, Oregon, were as follows:  Lodging: $113, Food: $66.

Defendant seeks $1,971.40 for the following travel-related expenses for Conway's October 13, 2013, through October 18, 2013, travel between New Orleans, Louisiana, and Portland, Oregon, for his attendance at trial:  (1) $731.60 for airfare; (2) $5.50 in agent fees; (3) $50 for taxi/limousine; (4) $11.30 for "privately owned automobile" for transportation to/from the airport; (5) $50.00 for baggage fees; (6) $760.00 for hotel; and (7) $363.00 total per diem.  At the time the costs were incurred,

the per diem rates for Portland, Oregon, were as follows:
Lodging: $126, Food: $66.

**A.    Hotel and Per Diem**.

Plaintiff objects to the hotel and per diem costs that
Defendant seeks for Conway's attendance at his deposition and
trial.  Plaintiff contends these charges are excessive because
(1) the number of days for which Defendant seeks costs exceeds
the number of days necessary for Conway's attendance and
(2) Defendant has failed to provide an itemization of the exact
costs that were incurred or to indicate whether government-
employee discounts applied.

Plaintiff contends Conway's deposition took place on
August 25, 2011, and only lasted a few hours.[1]  Because Defendant
did not respond to Plaintiff's objections, the Court accepts
Plaintiff's contention as to this fact.  Although Conway's
deposition lasted only one day, Defendant has not provided any
explanation as to why it seeks costs for three nights of hotel
accommodations and the equivalent of a three-and-a-half-day
subsistence allowance.

As for Conway's trial attendance, the record reflects Conway

---

[1]  Plaintiff also contends Conway's deposition was cut short
and did not continue at a later date as indicated at the time.
For this reason Plaintiff contends Defendant should bear all of
Conway's costs related to his travel.  The Court is not persuaded
by this argument.

testified on October 16, 2013, and briefly again in the morning on October 17, 2013.  Defendant did not provide any explanation as to why Conway's attendance was necessary for more than two days.  Defendant is only entitled to meals and costs for his witnesses' travel days as well as days in deposition or at trial. *See MEMC Elec. Materials v. Mitsubishi Materials*, No. C-01-4925 SBA, 2004 WL 5361246, at *9 (N.D. Cal. Oct. 22, 2004)(citing 28 U.S.C. § 1821(d)(1)).

Accordingly, in the exercise of its discretion, the Court concludes Defendant should be limited to two nights of hotel accommodations and a two-day subsistence allowance for Conway's attendance at his deposition and three nights of hotel accommodations and a three-day subsistence allowance for his attendance at trial.  These costs should be limited to the per diem rates at the time the costs were incurred.

**B.   Taxi/Limousine and Private Transportation.**

Defendant seeks a total of $50 in taxi/limousine charges for Conway's travel to and from the Portland Airport and his hotel on October 13, 2013, and October 18, 2013, as well as $11.30 for "privately owned automobile" costs on the same dates for driving "to and from airport to pick up employee."  Defendant also seeks a total of $90 in taxi/limousine charges on August 22, 2011, and

8 - OPINION & ORDER

August 25, 2011.[2]  The Court concludes the taxi/limousine costs are taxable pursuant to § 1821(c)(3).  Because Defendant did not, however, provide any mileage calculations to support the "privately owned automobile" charges necessary under § 1821(c)(2), the Court concludes Defendant may not recover such costs.

**C.    Airfare and Related Expenses**.

Defendant seeks $852.50 in airfare costs for Conway's attendance at his deposition and $731.60 for Conway's attendance at trial.  Defendant did not provide any evidence that these airfare rates were the most economical rates reasonably available at the time that the costs were incurred as required under § 1821(c)(1).  Based on the Court's research, current economy-class, round-trip airfare for flights between New Orleans and Portland is approximately $450 inclusive of taxes and fees. Accordingly, the Court concludes Defendant is limited to $450 for such costs.

Defendant also seeks costs for "agent fees" and "baggage fees."  Section 1821 does not contemplate reimbursement of such associated travel costs, and the Court does not find any authority to support such costs.  Accordingly, the Court

---

[2]  Although Defendant did not provide an explanation for these August 2011 taxi/limousine charges, the Court assumes they are also for transportation to and from lodging and airport terminals.

concludes the $11.00 in agent fees and $50.00 in baggage fees that Defendant seeks are not taxable.

 **D. Summary of Allowed Travel Costs.**

 In summary, the Court concludes Defendant is entitled to $1,974.00 in taxable costs for Conway's travel to attend his deposition and trial as follows:

Conway's Deposition Attendance

| Cost description | Amount sought | Taxable amount |
|---|---|---|
| Airfare | $852.50 | $450.00 |
| Agent fee | $5.50 | $0 |
| Taxi/limousine | $90.00 | $90.00 |
| Hotel | $339.00 ($113.00/night x 3 nights) | $226.00 ($113.00/night x 2 nights) |
| Subsistence allowance | $231.00 | $132.00 ($66.00/day x 2 days) |
| **Total** | $1,518.00 | **$898.00** |

Conway's Trial Attendance

| Cost description | Amount sought | Amount awarded |
|---|---|---|
| Airfare | $731.60 | $450.00 |
| Agent fee | $5.50 | $0 |
| Taxi/limousine | $50 | $50 |
| Private transportation to/from airport | $11.30 | $0 |
| Baggage fees | $50 | $0 |
| Hotel | $760.00 ($152/night x 5 nights) | $378.00 ($126/night x 3 nights) |

| Subsistence allowance | $363 | $198 ($66/day x 3 days) |
| Total | $ 1,971.40 | **$1,076.00** |

## II. Fees for Transcripts.

Defendant seeks a total of $1,313.75 for copies of deposition and trial transcripts necessarily used in the case.

As stated in *Malbco Holdings, LLC v. AMCO Ins. Co.*, No. CV-08-585-ST, 2010 WL 2572849, at *17 (D. Or. June 22, 2010):

> While 28 U.S.C. § 1920(2) allows recovery of court reporter fees for stenographic transcripts, such transcripts must be "necessarily obtained for use in the case." The cost of taking depositions and obtaining deposition copies is properly taxed if introduced into evidence or used at trial for impeachment or cross-examination. *Indep. Iron Works, Inc. v. U.S. Steel Corp.*, 322 F.2d 656, 678 (9th Cir.), cert denied, 375 U.S. 922, 84 S.Ct. 267, 11 L.Ed.2d 165 (1963). The cost of a deposition not used at trial may be taxed if taking the deposition was reasonable as part of the pretrial preparation of the case, rather than for the convenience of counsel, or if the deposition was required for a dispositive motion. *Id*[.] at 678–79; see also *Principe v. McDonald's Corp.*, 95 F.R.D. 34, 37 (E.D.Va. 1982). In other words, to be taxable, depositions must not be merely for discovery. *See Murphy v. Amoco Prod. Co.*, 558 F.Supp. 591, 594 (D.N.D. 1983), *af'd*, 729 F.2d 522 (8th Cir. 1984) ("[c]opies of depositions noticed by the prevailing party ... are more in the nature of an expense than of a taxable cost").

Defendant contends these transcripts were necessary for the impeachment of witnesses and witness preparation. Specifically, Assistant United States Attorney Adrian Brown states in her Declaration that the trial testimony of Plaintiff and Jim Kline

11- OPINION & ORDER

from the trial of *Taekker v. Postal Service*, Case No. 3:08-cv-083-HA, and Plaintiff's deposition transcript in this case were necessary for trial preparation, cross-examination, and for the impeachment of Plaintiff and Kline at trial.  Assistant United States Attorney Brown also states the deposition transcripts of Defendant's witnesses Kim Kersey, Emmerson Preligera, and Mark Conway were necessary to prepare these individuals for trial, particularly in light of the fact that the witnesses were deposed in 2011 and the trial did not occur until 2013.

Plaintiff does not dispute Defendant used the transcripts of her testimony and of Kline's testimony for the purpose of impeachment.  Plaintiff, however, contends Defendant is not entitled to these costs in part because Defendant was unable to impeach Plaintiff or Kline at trial.  The standard by which the Court determines whether such costs are taxable, however, is whether the testimony was "introduced into evidence or used at trial for impeachment" rather than whether the impeachment was successful.  *See Malbco*, 2010 WL 2572849, at *17.

The Court is satisfied on this record that the transcripts for which Defendant seeks costs were necessarily used for trial in this case, and, accordingly, the Court concludes such costs are properly taxable.

**III. Fees for Exemplification and Copies.**

Defendant also seeks a total of $371.75 costs for acquiring

medical records pursuant to a protective order.

As stated by the Court in *Malbco*:

> Under 28 U.S.C. § 1920(4), costs may be recovered for
> "copies of papers necessarily obtained for use in the
> case." Copying costs for documents produced in
> discovery, submitted to the court for consideration of
> motions, and used as exhibits at trial are recoverable.

2010 WL 2572849, at *16 (citations omitted).

Assistant United States Attorney Brown states in her
Declaration that these costs were incurred because each third-
party from whom the medical records were received was issued a
subpoena and subsequently billed Defendant for the costs of
retrieving and copying the records. Plaintiff does not
specifically object to these costs.

The Court concludes on this record that the fees for
exemplification and copies are correctly stated and necessarily
incurred by Defendant's counsel, and, accordingly, such costs are
properly taxable.

**IV.  Summary of Taxable Costs.**

In summary, the Court concludes Defendant is entitled to
$3,659.50 in taxable costs as follows:

> A.  $1,974.00 for travel-related witness fees,
>
> B.  $1,313.75 for printed or electronically recorded
>     transcripts necessarily obtained for use in the
>     case,
>
> C.  $371.75 for fees for exemplification and copies.

## CONCLUSION

For these reasons, the Court awards costs to Defendant in the amount of **$3,659.50.**

IT IS SO ORDERED.

DATED this 13th day of May, 2014.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge

14- OPINION & ORDER